# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Charles Johnson and Randy Watson Holdings, LLC, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Reginal Barner, The Barner Group, LLC, )<br>MNK Holdings, LLC and Michelle Koch, )<br>)<br>Defendants. ) | Civil Action No. 3:19-cv-01129-JMC<br><br>**ORDER AND OPINION** |

This matter before the court is review of Defendants MNK Holdings, LLC ("MNK") and Michelle Koch ("Koch") (collectively, "Defendants") Motion for a More Definite Statement (ECF No. 12) pursuant to Federal Rule of Civil Procedure Rule 12(e). For the following reasons, the court **GRANTS** Defendants' Motion for a More Definite Statement (ECF No. 12).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Charles Johnson and Randy Watson Holdings, LLC filed their First Amended Complaint in this action on June 21, 2019, alleging breach of fiduciary duties, negligence, and conversion. (ECF No. 1 at 1-5.) On July 12, 2019, Defendants filed their Motion for a More Definite Statement (ECF No. 12), arguing that Plaintiffs' Complaint is so vague that they are unable to answer it. Defendants point out, *inter alia*, that the Complaint does not refer to any dates—estimated or otherwise, periods of time, does not specify the nature of Defendants' ownership or membership interests, and that Plaintiffs did not specify which allegations apply to the two moving Defendants as opposed to the other Defendants. Defendants request an Order requiring Plaintiffs to make their Complaint more concrete as to provide Defendants with the basic factual background giving rise to Plaintiffs' causes of actions.

## II. LEGAL STANDARD

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "However, a motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a)." *Hubbs v. County of San Bernardino, CA,* 538 F. Supp. 2d 1254, 1262 (C.D. Cal. 2008). When a "'defendant is unclear about the meaning of a particular allegation in the complaint, the proper course of action is not to move to dismiss but to move for a more definite statement.'" *Potts v. Howard University*, 269 F.R.D. 40, 42 (D.D.C. 2010) (quoting *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 725 (7th Cir. 1986)).

## III. DISCUSSION

Defendants appear to request no more than what Rule 8 requires, which is a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard is not a demanding one. Rule 8(a) does not require fact pleading, only that the complaint "provide fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Suprema*, NA 534 U.S. 506, 512 (2002). "Whether to grant a Rule 12(e) motion is within the discretion of the trial court." However, "[s]uch motion [is] not favored by the courts since pleadings in federal courts are only required to fairly notify the opposing party of the nature of the claim." "[The motion] should not be granted unless the defendant cannot frame a responsive pleading." *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981) (citing *Boxall v. Sequoia Union High School District*, 464 F. Supp. 1104, 1114 (N.D. Cal .1979)).

Here, Plaintiffs have filed their Complaint and did not provide a timeframe for any of the allegations therein. As such, the Complaint is ambiguous and indefinite with respect to when and where the allegations took place, and without this information Defendants cannot properly and safely prepare a responsive pleading. For example, as Defendants state, "Defendants cannot adequately

2

prepare responses and evaluate defenses (such as, limitation periods)…" (ECF No. 12 at 3.) While Plaintiffs are not required to provide every detail, Defendants do raise a legitimate concern that they are unable to properly respond due to the lack of information regarding timeframes. While a dismissal is not warranted for this defect, the court shall **GRANT** Defendants' Motion for More Definite Statement (ECF No. 12).

## IV. CONCLUSION

For all the above reasons, the court **GRANTS** Defendants' Motion for a More Definite Statement (ECF No. 12). Consistent with Federal Rules of Civil Procedure 8(a) and 12(e), Plaintiffs shall file an Amended Complaint within fourteen (14) days of this order that will set forth claims consistent with the Federal Rules of Civil Procedure and will cure any defects discussed herein.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 21, 2020
Columbia, South Carolina