UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Charles Johnson and Randy Watson Holdings, LLC, | ) ) ) |
| Plaintiff, | ) Civil Action No. 3:19-cv-01129-JMC ) ) **ORDER** |
| v. | ) ) |
| Reginal Barner, The Barner Group, LLC, MNK Holdings, LLC, and Michelle Koch | ) ) ) |
| Defendants. | ) ) ) |

This matter is before the court on Plaintiffs Charles Johnson's and Randy Watson Holdings, LLC's ("Plaintiffs") Motion to Compel and Motion for Teleconference. (ECF No. 59.) Plaintiffs seek an order compelling Defendants MNK Holdings, LLC ("MNK Holdings") and Michelle Koch ("Koch") (collectively, "Koch Defendants") to participate in depositions as well as a teleconference on the Motion. (*Id.* at 1, 3.) For the reasons set forth below, the court **GRANTS** Plaintiffs' Motion to Compel and **DENIES** Plaintiffs' Motion for Teleconferences as **MOOT**. (*Id.*)

## I.  RELEVANT BACKGROUND

Plaintiffs filed their original Complaint on April 17, 2019. (ECF No. 1) On March 3, 2020, Plaintiffs filed their Second Amended Complaint, alleging causes of action for breach of fiduciary duty, negligence, and conversion against the Koch Defendants, Reginal Barner, and The Barner Group, LLC. (ECF No. 32.)

The Amended Scheduling Order entered on September 10, 2019 required the parties to complete discovery by July 24, 2020. (ECF No. 24 at 2.) In an effort to depose the Koch Defendants before the close of discovery, Plaintiffs served a Notice for a Rule 30(b)(6) Deposition

1

of MNK Holdings set for April 29, 2020 on April 17, 2020. (ECF No. 60-1.) The April 29, 2020 deposition did not occur because the Koch Defendants filed a Motion to Stay Discovery (ECF No. 43) on April 27, 2020 that was granted on May 1, 2020. (ECF No. 45.)

The stay was lifted on June 15, 2020, prompting Plaintiffs to serve a second Notice for a Rule 30(b)(6) Deposition of MNK Holdings set for July 7, 2020. (*Id.*, ECF No. 60-2.) However, the July 7, 2020 deposition did not occur. The second notice was "effectively withdrawn" after Plaintiffs requested a new scheduling order on June 30, 2020. (ECF Nos. 60 at 5, 47.) On August 17, 2020, the court entered a new scheduling order extending the deadline for the amendment of pleadings to December 31, 2020 and the discovery deadline to July 26, 2021. (ECF No. 54 at 1, 2.)

Plaintiffs' Counsel contacted Defense Counsel on August 14 and 27 to schedule the depositions of MNK Holdings and Koch. (ECF No. 59-1 at 1, 2.) On August 27, 2020, Defense Counsel notified Plaintiffs' Counsel that he would "not agree to the scheduling of any depositions until the issues are joined by your replies to the counterclaims and crossclaims our client has served on you, and until we've had the opportunity to serve written discovery and you've promptly replied to that discovery." (*Id.* at 1.) Defense Counsel claimed that the depositions were "premature" because "discovery does not conclude until July 26, 2021. (*Id.*)

On September 10, 2020, Plaintiffs' and Defense Counsel exchanged emails to schedule depositions of the Koch Defendants. (ECF No. 60-3.) Plaintiffs' Counsel asked to schedule the depositions in October 2020 but Defense Counsel opposed the "expedited scheduling of depositions." (*Id.*) Plaintiffs filed the instant Motion to Compel the same day. (ECF No. 59). Defendant subsequently filed a Response (ECF No. 60) on September 11, 2020 and Plaintiff submitted a Reply (ECF No. 61) on September 14, 2020.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).  Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matter that could bear on, any issue that may be in the case.  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978) (footnote omitted) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)) (discussing relevance to a claim or defense, although decided under 1978 version of Rule 26 that authorized discovery relevant to the subject matter of the action).  Whether a discovery request is proportional is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Information within the scope of discovery "need not be admissible in evidence to be discoverable."  *Id.*

The Federal Rules of Civil Procedure recognize depositions as an accepted method of discovery.  *See* Fed. R. Civ. P. 30(a)(1) ("[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)").  A party may name an organization as a deponent.  Fed. R. Civ. P. 30(b)(6).

"District courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders."  *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 426 (4th Cir. 1996).  Rule 26(d)(3) states that "methods of discovery may be used in any sequence[.]"  Fed. R. Civ. P. 26(d)(3).

3

Federal Rule of Civil Procedure 37 provides that if a party fails to respond to discovery, the party seeking discovery may move for an order compelling production. Fed. R. Civ. P. 37. The decision to grant or to deny a motion to compel discovery rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion."); *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.").

### III.     ANALYSIS

Plaintiff seeks an order compelling the Koch Defendants to participate in depositions because "Defense counsel has stated that they will refuse to participate in this discovery until an undisclosed time after they feel that sufficient written discovery has been exchanged." (ECF No. 59 at 1.) The Koch Defendants oppose the Motion, claiming that it is barred by Local Civil Rule 37.01 and premature. (ECF No. 60.)

Local Civil Rule 37.01 requires motions to compel discovery to be filed within twenty-one (21) days of receipt of the disputed discovery. Local Civ. Rule 37.01(a) (D.S.C.). However, South Carolina district courts have "discretion to consider an untimely motion to compel if the movant offers an acceptable explanation for the motion's tardiness." *United Prop. & Cas. Ins. v. Couture*, No. 2:19-cv-01856-DCN, 2020 WL 2319086, at *3 (D.S.C. May 11, 2020) (citing *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)). The Koch Defendants contend that the instant Motion is "untimely under Local Rule 37.01(A), as it is filed in excess of two (2) months after the deposition date specified in the last deposition notice served by the Plaintiffs, and no other notices have been served on MNK Holdings." (ECF No. 60 at 7.)

4

The court finds that Local Civil Rule 37.01 does not bar Plaintiffs' Motion to Compel. First, Local Civil Rule 37.01 does not apply to this discovery dispute.  Here, Plaintiffs are not in "receipt of the disputed discovery[.]" Local Civ. Rule 37.01(a) (D.S.C.).  Procedural circumstances precluded the April and July depositions and the Koch Defendants have affirmatively stated that they will not make their clients available for depositions.  (ECF No. 60-3.)  The court will not interpret the rule to disadvantage Plaintiffs when the instant discovery dispute is a result of the Koch Defendants' refusal to cooperate.  Second, even if Plaintiffs' Motion was considered untimely, the court would exercise its discretion to consider it because Plaintiffs offered an acceptable explanation for the Motion's tardiness.  Plaintiffs did not immediately file a Motion to Compel after the failed April and July depositions because they expected to negotiate a rescheduled deposition date in good faith with the Koch Defendants.  The court will not penalize Plaintiffs for attempting to solve a discovery dispute in good faith without the court's intervention.  As a result, the court will consider the Motion to Compel on its merits.

Contrary to the Koch Defendants' assertions, Plaintiffs' Motion to Compel is not premature.  Plaintiffs seek discovery that is within the scope of the Federal Rules of Civil Procedure.  The depositions at issue are highly relevant and proportional to the needs of the case because they will allow Plaintiffs to learn about the conduct at issue from the alleged tortfeasors themselves.  Information gleaned from the depositions may enable Plaintiffs to add new claims and parties or discover new evidence.  Depositions of parties and organizations are also clearly authorized by Rule 30.  Given that the requested discovery is permissible, the Koch Defendants cannot delay Plaintiffs' ability to conduct such crucial discovery until further discovery is conducted.   Under Rule 26(d)(3), "methods of discovery may be used in any sequence[.]" Fed. R. Civ. P. 26(d)(3).

Moreover, there is no reason to further delay this case. Plaintiffs should be able to take party depositions nineteen months after the case was filed. They should also be allowed to conduct critical depositions before the deadline for amending pleadings in order to fully prosecute their claims.

After a thorough review of the parties' submissions, the court grants Plaintiffs' Motion to Compel and orders the Koch Defendants to participate in depositions by December 23, 2020 or any date agreed upon by the parties. The court also denies Plaintiffs' Motion for Teleconference. "[A] case is moot when '[a court's] resolution of an issue could not possibly have any practical effect on the outcome of the matter.'" *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 588 (4th Cir. 2016) (quoting *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010)). Because the court has already resolved Plaintiffs' Motion to Compel, a hearing on the matter would be ineffectual.

## IV.    CONCLUSION

In conclusion, the court **GRANTS** Plaintiffs' Motion to Compel (ECF No. 59) and orders MNK Holdings, LLC and Michelle Koch to participate in depositions by December 23, 2020 or any date agreed upon by the parties. The court **DENIES** Plaintiffs' Motion for Teleconference (ECF No. 59) as **MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 23, 2020
Columbia, South Carolina