# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Charles Johnson, Randy Watson Holdings, LLC, | Civil Action No.: 3:19-cv-01129-JMC |
| Plaintiffs, | **ORDER AND OPINION** |
| v. | |
| Reginal Barner, The Barner Group, LLC, MNK Holding, LLC, and Michelle Koch, | |
| Defendants. | |

This matter is before the court on the Joint Motion to Dismiss the claims between and among Plaintiffs Charles Johnson ("Johnson") and Randy Watson Holdings, LLC ("RWH") (collectively, the "Johnson Plaintiffs") and Defendants Michelle Koch and MNK Holdings, LLC ("MNK") (collectively, the "Koch Defendants"). (ECF No. 93.) The above-mentioned parties move the court pursuant to Federal Rule of Civil Procedure 41(a)(2) for an order dismissing with prejudice all claims and counterclaims asserted between the Johnson Plaintiffs and the Koch Defendants.[1] For the reasons set forth below, the court **GRANTS** the Joint Motion to Dismiss (ECF No. 93) and **DISMISSES** with prejudice all claims and counterclaims asserted between the Johnson Plaintiffs and the Koch Defendants.

## I.     RELEVANT BACKRGOUND

Plaintiff Johnson is a former professional football player who has conducted "business ventures" through RWH, Johnson's limited liability company. (ECF No. 32 at 1 ¶ 2, 2 ¶ 14.)

---

[1] The Motion also asks for an amendment of the Scheduling Order dated August 17, 2020. (ECF No. 93 at 1.) The court notes that it has already allowed amendment of the August 17 Scheduling Order and denies this argument as moot. (*See* ECF No. 94.)

1

Plaintiffs allege that Johnson had a financial advisor named Paul Koch,[2] who "came up with numerous business ventures in which t[o] invest[] Plaintiffs' monies." (*Id.* at 3 ¶¶ 16, 17.) Plaintiffs allege that Paul Koch invested their money into various businesses ranging from janitorial services to secondhand clothing stores. (ECF No. 32 at 3 ¶ 17.) Plaintiffs further allege that the Koch Defendants used Plaintiffs' assets to fund the businesses, create for themselves an ownership interest without any financial investment on their part, and provide themselves with improper monetary distributions. (*Id.* at 5 ¶¶ 37–41.)

On April 17, 2019, Plaintiffs filed a Complaint (ECF No. 1) against the Koch Defendants alleging claims for breach of fiduciary duty, negligence, and conversion. Thereafter, on June 21, 2019, Plaintiffs filed an Amended Complaint, which alleged the same claims but added Reginal Barner and the Barner Group, LLC as Defendants (collectively, the "Barner Defendants"). Thereafter, Plaintiffs filed their Second Amended Complaint on March 3, 2020, and their Third Amended Complaint on March 23, 2021. (ECF Nos. 32, 76.) The Koch Defendants answered the Third Amended Complaint and asserted counterclaims against the Johnson Plaintiffs and crossclaims against the Barner Defendants. (*See* ECF No. 78.) The Barner Defendants filed a Reply to the Koch Defendants' crossclaims and alleged crossclaims against the Koch Defendants (ECF No. 80), the filed an Answer to the Third Amended Complaint asserting counterclaims against the Johnson Plaintiffs (ECF No. 82). On July 9, 2021, the Johnson Plaintiffs and the Koch Defendants filed the Joint Motion to Dismiss presently before the court.[3] (ECF No. 93.)

---

[2] Paul Koch is not a party in this case. Defendant Michelle Koch is Paul Koch's wife and Plaintiffs allege that she conducts her business through MNK. (ECF No. 32 at 3 ¶ 16.)

[3] The Barner Defendants filed a Response to the Joint Motion (ECF No. 95), but the Johnson Plaintiffs and the Barner Defendants have since filed a Stipulation of Dismissal with Prejudice as to all claims by and between these parties. (ECF No. 100.)

## II.   LEGAL STANDARD

Rule 41(a) governs voluntary dismissals of federal actions. Under Rule 41(a)(1), a plaintiff may voluntarily dismiss an action without a court order by filing (1) a notice of dismissal before the opposing party has filed an answer or summary judgment motion or (2) a stipulation of dismissal signed by all parties that have appeared. Pertinent to this case, Rule 41(a)(2) provides that in any other circumstance, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The underlying "purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced," *Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir. 1987); thus, a district court should grant a Rule 41(a)(2) motion "absent plain legal prejudice to the defendant," *Ellett Bros.,* 275 F.3d at 388; *Bridge Oil, Ltd. v. Green Pac. A/S*, 321 F. App'x 244, 245 (4th Cir. 2008).

When determining whether a Rule 41(a)(2) motion should be appropriately granted, the court should consider the following non-exclusive factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *See Vosburgh v. Indemnity Ins. Co. of North America,* 217 F.R.D. 384, 386 (S.D. W. Va. Sept. 12, 2003).

## III.   ANALYSIS

Here, after carefully considering the above factors and the whole record, the court finds voluntary dismissal is appropriate at this time, primarily due to the movants' stated basis for dismissal. Specifically, the movants have agreed to dismissal of these claims and dismissal will streamline this lawsuit and expedite disposition of the case. Furthermore, there does not appear to be any excessive delay or lack of due diligence by the movants.

## IV.    CONCLUSION

For the reasons set forth above, the court **GRANTS** the Joint Motion to Dismiss (ECF No. 93) and **DISMISSES** with prejudice all claims and counterclaims asserted between the Johnson Plaintiffs and the Koch Defendants.[4]

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

January 24, 2022
Columbia, South Carolina

---

[4] The court notes that, pursuant to this Order and the Stipulation of Dismissal filed on November 29, 2021 (ECF No. 100), the only remaining claims in this case are the crossclaims asserted between the Koch Defendants and the Barner Defendants. (*See* ECF Nos. 78, 80.)